# EXHIBIT 1

**Exhibit 1**

## Case Information

DC-18-05425 | VALENTINA SANCHEZ vs. QUIKTRIP CORPORATION, et al

| Case Number | Court | Judicial Officer |
|---|---|---|
| DC-18-05425 | 134th District Court | TILLERY, DALE |
| File Date | Case Type | Case Status |
| 04/24/2018 | OTHER PERSONAL INJURY | OPEN |

## Party

PLAINTIFF
SANCHEZ, VALENTINA

Address
C/O EBERSTEIN & WITHERITE, LLP
10440 N. CENTRAL EXPRESSWAY, SUITE 400
DALLAS TX 75231

Active Attorneys▾
Lead Attorney
FUTRELL, J MARTIN
Retained

Work Phone
214-378-6665

Fax Phone
214-378-6670

---

DEFENDANT
QUIKTRIP CORPORATION

Address
BY SERVING REGISTERED AGENT CT
CORPORATION SYSTEM
1999 BRYAN STREET, SUITE 900
DALLAS TX 75201

Active Attorneys▾
Lead Attorney
BRISCOE, B KYLE
Retained

Work Phone
214-999-0550

Fax Phone
214-999-0551

---

DEFENDANT
QUIK 'N TASTY FOODS, INC.

Address

Active Attorneys▾
Lead Attorney
BRISCOE, B KYLE

BY SERVING REGISTERED AGENT                    Retained
MARSHALL J. WELLS
4705 S. 129TH AVE.                             Work Phone
TULSA OK 74134                                 214-999-0550

                                               Fax Phone
                                               214-999-0551

## Events and Hearings

04/24/2018 NEW CASE FILED (OCA) - CIVIL

04/24/2018 ORIGINAL PETITION ▾

20180424 SANCHEZ VALENTINA PLAINTIFF'S ORIGINAL
PETITION.pdf

04/24/2018 CASE FILING COVER SHEET ▾

20180424 SANCHEZ VALENTINA CIVIL CASE INFORMATION
SHEET.pdf

04/24/2018 JURY DEMAND

04/24/2018 ISSUE CITATION

04/25/2018 CITATION ISSUED ▾

DC-18-05425 (CIT 1).pdf

DC-18-05425 (CIT 2).pdf

04/25/2018 CITATION▾

Anticipated Server
ESERVE

Anticipated Method
Actual Server
PRIVATE PROCESS SERVER

Returned
05/01/2018
Anticipated Server
ESERVE

Anticipated Method
Actual Server
OUT OF COUNTY

Returned
05/22/2018
Comment
ESERVE/KM

05/01/2018 NOTICE OF DISMISSAL FOR WANT OF PROSECUTION
▼

DC-18-05425 NDWOP.pdf

05/01/2018 RETURN OF SERVICE ▼

CITATION QuikTrip Corporation

Comment
CITATION QuikTrip Corporation

05/18/2018 ORIGINAL ANSWER - GENERAL DENIAL ▼

Ans.Orig (05-18-18).pdf

05/22/2018 RETURN OF SERVICE ▼

CITATION - QUIK 'N TASTY FOODS, INC.

Comment
CITATION - QUIK 'N TASTY FOODS, INC.

06/25/2018 DISMISSAL FOR WANT OF PROSECUTION ▼

Judicial Officer
TILLERY, DALE

Hearing Time
10:00 AM

# EXHIBIT 2

**Exhibit 2**

CT Corporation

**Service of Process Transmittal**
04/27/2018
CT Log Number 533239906

| | |
|---|---|
| **TO:** | Marshall Wells<br>QuikTrip Corporation<br>4705 S 129th East Ave<br>Tulsa, OK 74134-7008 |

**RE:** **Process Served in Texas**

**FOR:** QuikTrip Corporation  (Domestic State: OK)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | VALENTINA SANCHEZ, Pltf. vs. QUIKTRIP CORPORATION and QUIK 'N TASTY FOODS, INC., Dfts. |
| **DOCUMENT(S) SERVED:** | Citation, Return, Original Petition, First Request(s), Attachment(s) |
| **COURT/AGENCY:** | Dallas County - District Court, TX<br>Case # DC1805425 |
| **NATURE OF ACTION:** | Employee Litigation - Personal Injury - 05/15/2014 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 04/27/2018 at 14:10 |
| **JURISDICTION SERVED :** | Texas |
| **APPEARANCE OR ANSWER DUE:** | By 10 o'clock a.m. of the Monday next following the expiration of twenty days after service |
| **ATTORNEY(S) / SENDER(S):** | J. MARTIN FUTRELL<br>EBERSTEIN & WITHERITE, LLP<br>10440 N. Central Expressway<br>Suite 400<br>Dallas, TX 75231-2228<br>214-378-6665 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 04/30/2018, Expected Purge Date: 05/05/2018<br><br>Image SOP<br><br>Email Notification,  Marshall Wells  mwells@quiktrip.com<br><br>Email Notification,  Krissy Snow  ksnow@quiktrip.com<br><br>Email Notification,  Ronald Collins  rcollins@quiktrip.com |
| **SIGNED:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201<br>214-932-3601 |

Page 1 of  1 / RP

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

To:

**QUIKTRIP CORPORATION
SERVING REGISTERED AGENT CT CORPORATION SYSTEM
1999 BRYAN STREET SUITE 900
DALLAS TX 75201**

GREETINGS:

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **134th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **VALENTINA SANCHEZ**

Filed in said Court **24th day of April, 2018** against

**QUIK 'N TASTY FOODS, INC. AND QUIKTRIP CORPORATION**

For Suit, said suit being numbered **DC-18-05425,** the nature of which demand is as follows:
Suit on **OTHER PERSONAL INJURY** etc. as shown on said petition **REQUEST FOR DISCLOSURE AND PRODUCTION**, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 25th day of April, 2018.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By /s/ Kari Malone

_____, Deputy

KARI MALONE



---

**ESERVE**

**CITATION**

**DC-18-05425**

**VALENTINA SANCHEZ
vs.
QUIKTRIP CORPORATION, et al**

ISSUED THIS
**25th day of April, 2018**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: KARI MALONE, Deputy

**Attorney for Plaintiff**
J MARTIN FUTRELL
10440 N CENTRAL EXPRESSWAY
SUITE 400
DALLAS TX 75231
214-378-6665
martin.futrell@ewlawyers.com

# DALLAS COUNTY
# SERVICE FEES
# NOT PAID

# OFFICER'S RETURN

Case No. : DC-18-05425

Court No.134th District Court

Style: VALENTINA SANCHEZ

vs.

QUIKTRIP CORPORATION, et al

Came to hand on the _____day of _____, 20_____, at _____o'clock_____.M. Executed at _____,

within the County of _____ at _____ o'clock _____.M. on the _____day of_____,

20_____, by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by

me in serving such process was _____miles and my fees are as follows:   To certify which witness my hand.

|  |  |  |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $_____ | of_____County,_____ |
| For Notary | $_____ | By_____Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____before me this_____day of _____, 20_____,

to certify which witness my hand and seal of office.

_____

Notary Public_____County_____

FILED
DALLAS COUNTY
4/24/2018 11:54 AM
FELICIA PITRE
DISTRICT CLERK
Marissa Pittman

2-CIT ES

DC-18-05425

CAUSE NO. _____

| | | |
|---|---|---|
| **VALENTINA SANCHEZ;** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | **DALLAS COUNTY, TEXAS** |
| | § | |
| **QUIKTRIP CORPORATION; AND QUIK** | § | |
| **'N TASTY FOODS, INC.;** | § | |
| | § | |
| **Defendants.** | § | **_____ JUDICIAL DISTRICT** |

### PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE AND FIRST REQUEST FOR PRODUCTION TO DEFENDANTS

**TO THE HONORABLE COURT:**

Plaintiff Valentina Sanchez files Plaintiff's Original Petition complaining of

Defendants QuikTrip Corporation and Quik 'N Tasty Foods, Inc.

### I. DISCOVERY CONTROL PLAN

Discovery is intended to be conducted under Level 3 pursuant to Rule 190 of the

TEXAS RULES OF CIVIL PROCEDURE.

### II. EXPEDITED TRIAL DECLARATION

As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff's counsel

states that the damages sought are in an amount within the jurisdictional limits of this

Court.  As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiff's counsel

states that Plaintiff seeks monetary relief of over $200,000 but not more than

$1,000,000.  The amount of monetary relief actually awarded, however, will ultimately be

determined by a jury.  Plaintiff also seeks pre-judgment and post-judgment interest at the

highest legal rate.

### III. PARTIES

Plaintiff Valentina Sanchez is an individual residing in Arlington, Tarrant County, Texas. Her Social Security number is \*\*\*-\*\*-\*963.

Defendant QuikTrip Corporation is a foreign corporation authorized to do business in the State of Texas.  Defendant may be served by serving its registered agent, C T Corporation System at 1999 Bryan Street, #900, Dallas, Texas 75201.

Defendant Quik 'N Tasty Foods, Inc. is a foreign corporation authorized to do business in the State of Texas.  Defendant may be served by serving its registered agent, Marshall J. Wells, 4705 S. 129th E. Ave., Tulsa, OK 74134.

### IV. JURISDICTION AND VENUE

The Court has jurisdiction over the controversy because the damages are within the jurisdictional limits of this Honorable Court.

This Court has venue over the parties to this action since the incident made the basis of this suit occurred in Dallas County, Texas.  Venue therefore, is proper in Dallas County, Texas, pursuant to the TEXAS CIVIL PRACTICE & REMEDIES CODE §15.002.

### V. FACTS

On or about Thursday, May 15, 2014, Plaintiff Valentina Sanchez was an employee of Defendant QuikTrip Corporation and/or Defendant Quik 'N Tasty Foods, Inc. and was working on the premises at the warehouse in Coppell, Dallas County Texas. Plaintiff Valentina Sanchez was performing her duties at the direction and under the control of Defendants, and in accordance with the instructions given to her by Defendants at the time of the incident. Plaintiff was cleaning flour out of the dough-cutting machine in the bakery when the machine caught the ring finger of her left hand causing it to be

impaired. As a result of the incident, Plaintiff suffered extensive injuries and damages and continues to suffer such injuries and damages.

## VI. CAUSES OF ACTION

At the time of the incident made the basis of this suit, Defendant QuikTrip Corporation and/or Defendant Quik 'N Tasty Foods, Inc. was a "non-subscriber" as defined under the Texas Workers' Compensation law and are liable for suit under Section 406 of the Texas Labor Code. Therefore, Defendant QuikTrip Corporation and/or Defendant Quik 'N Tasty Foods, Inc. may not assert in this action that: (1) Plaintiff was guilty of contributory negligence; (2) Plaintiff assumed the risk of injury or death; or (3) Plaintiff's injury or death was caused by the negligence of a fellow employee.

Employers in Texas owe certain continuous, non-delegable duties to their employees. Among these are the duties to (1) furnish a reasonably safe place to work, (2) warn employees of hazards of their employment that are not commonly known or already appreciated, (3) supervise employees' activities, (4) hire competent co-employees, (5) furnish reasonably safe instrumentalities with which to work, and (6) provide safety regulations. An employer must also train employees in the safe use and handling of products and equipment used in and around an employer's premises or facilities. An employer must exercise ordinary care, based on standard negligence principles, in carrying out these duties.

Defendant QuikTrip Corporation and/or Defendant Quik 'N Tasty Foods, Inc., through their agents, servants, and/or employees, breached these duties by:

   a. Failing to implement policies and procedures regarding workplace safety, including but not limited to policies involving proper maintenance and

inspections of the dough-cutting machine for dangerous conditions such as a conveyor band;

b.  Failing to train its employees regarding the above-referenced policies and procedures;

c.  Failing to supervise its employees to make sure the above-referenced policies and procedures were followed;

d.  Hiring the careless and/or incompetent employee(s) who failed to maintain and/or inspect the dough-cutting machine for dangerous conditions; and

e.  Hiring careless and/or incompetent managerial staff who failed to provide the necessary policies, training, and/or supervision.

Each of the foregoing acts or omissions, singularly or in combination with others,

constituted negligence, which proximately caused the above-referenced occurrence

and Plaintiff's injuries and damages.

## VIII. DAMAGES

As a proximate result of Defendant's negligence, Plaintiff suffered extensive

injuries and damages. As a result of Plaintiff's injuries, Plaintiff seeks monetary damages

against the Defendant for the following:

a.  Medical expenses in the past and future;

b.  Lost wages in the past and loss of earning capacity in the future;

c.  Physical pain and suffering in the past and future;

d.  Mental anguish in the past and future;

e.  Physical impairment in the past and future; and

f.  Disfigurement.

## IX. JURY DEMAND

Plaintiff demands a trial by jury and includes the appropriate jury fee.

## X. REQUEST FOR DISCLOSURE

Pursuant to Rule 194, all Defendants are requested to disclose, within fifty (50)

days of service of this request, the information or material described in Rule 194.2 (a)-(l).

## XI. DISCOVERY DOCUMENTS

Contemporaneously with this petition, Plaintiff serves to Defendants Plaintiff's First

Request for Production of Documents to Defendants.

## XII. RELIEF

Plaintiff prays that the Defendant be cited to appear and answer herein, and that

upon final hearing in this cause, Plaintiff have judgment against Defendants for the

following:

1.  Plaintiff's past medical expenses, which are reasonable and customary for the medical care received by Plaintiff;

2.  Plaintiff's future medical expenses;

3.  Plaintiff's lost wages in the past and loss of earning capacity in the future;

4.  Plaintiff's physical pain and suffering in the past and future in an amount to be determined by the jury;

5.  Plaintiff's mental anguish in the past and future in an amount to be determined by the jury;

6.  Plaintiff's physical impairment in the past and future in an amount to be determined by the jury;

7.  Plaintiff's disfigurement in the past and future in an amount to be determined by the jury;

8.  Interest on the judgment at the legal rate from the date of judgment;

9.  Pre-judgment interest on Plaintiff's damages as allowed by law;

10. All costs of court; and

11.    Such other and further relief to which Plaintiff may be justly entitled.


Respectfully submitted,

**EBERSTEIN & WITHERITE, LLP**


BY: **/s/ *J. Martin Futrell***
     **J. MARTIN FUTRELL**
     State Bar No. 24085777
     martin.futrell@ewlawyers.com
     **AMY K. WITHERITE**
     State Bar No. 00788698
     amy.witherite@ewlawyers.com
     10440 N. Central Expressway
     Suite 400
     Dallas, TX 75231-2228
     214/378-6665
     214/378-6670 (fax)

**ATTORNEYS FOR PLAINTIFF**

CAUSE NO. _____

| | | |
|---|---|---|
| **VALENTINA SANCHEZ;** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | **DALLAS COUNTY, TEXAS** |
| | § | |
| **QUIKTRIP CORPORATION; AND QUIK** | § | |
| **'N TASTY FOODS, INC.;** | § | |
| | § | |
| **Defendants.** | § | **_____ JUDICIAL DISTRICT** |

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT QUICKTRIP CORPORATION

TO:   Defendant, QuickTrip Corporation.

Plaintiff Valentina Sanchez propounds First Request for Production to

Defendant QuickTrip Corporation pursuant to the Texas Rules of Civil Procedure

to be answered by Defendant within fifty (50) days of the date of service.

Respectfully submitted,

**EBERSTEIN & WITHERITE, LLP**

BY: /s/ J. Martin Futrell
**J. MARTIN FUTRELL**
State Bar No. 24085777
martin.futrell@ewlawyers.com
**AMY K. WITHERITE**
State Bar No. 00788698
amy.witherite@ewlawyers.com
10440 N. Central Expressway
Suite 400
Dallas, TX 75231-2228
214/378-6665
214/378-6670 (fax)

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this document has been

served to the Defendant QuickTrip Corporation along with Plaintiff's Original

Petition and Request for Disclosure.

/s/ J. Martin Futrell
**J. Martin Futrell**

•

## DEFINITIONS

1.    "You," and "Your," and "Defendant" mean Defendant, QuickTrip Corporation, as captioned in Plaintiff's Original Petition, and all other person or entities acting on your behalf and all employees who work on your behalf in the course and scope of your employment and in furtherance of your business.  "You" also includes any agent that acts on your behalf.

2.    The terms "and" and "or" as used herein are to be interpreted both disjunctively and conjunctively.

3.    "Document" and "documents" as used herein shall mean the original and each non-identical copy (whether different from the original because of marginal notes, or other material inserted therein, or attached thereto or otherwise) written or graphic matter, however produced or reproduced, whether sent or received, or neither, including drafts and both sides thereof, and including, but not limited to, printed, typewritten, emails and computer printed or written matter, and mechanical, magnetic and electronic recordings and shall include, without limitation, letters, telegrams, cablegrams, telex messages, TWX messages, correspondence, notations, work papers, transcripts, corporate books or minutes, reports, memoranda studies, summaries, agendas, bulletins, records of telephone or other conversations, or of interviews, conferences or other meetings, maps, charts, plans, specifications, diagrams, photographs, affidavits, statements, statistical diagrams, records, lists, tabulations, memoranda, notes, diaries, calendars, calendar, pads, newspaper clippings, appointment books or records, reports, worksheets, printed business forms, expense account reports or records, contracts, agreements, accounting records (including loan history), promissory notes, security agreements, pledge agreements, guaranties, loan agreements, credit reports, loan applications, financial statements, loan memoranda, private placement memoranda, bank statements, certificates of deposit, letters of credit, bids, quotations, proposals, bills, invoices, statements and other books, records, papers, copies, and drafts and proposed forms of any of such items or matters, or tapes, disks, sound records, computer printouts, data processing input and output, microfilm, microfiche, all other records kept by electronic, photographic, or mechanical means, and items similar to all of the foregoing which were prepared by you or for you, or which are in or subject to your possession, custody, or control. The term "document" shall also include all "writings and recordings" as defined by Rule 1001 of the Texas Rules of Civil Evidence.  If any tape, disk, card, wire, or other electronic or mechanical recording or transcript or any computer program is produced, you shall

also produce such documents as are necessary for decoding, playing back, printing out, and/or interpretation thereof, and any other documents which are necessary to convert such information into a useful and usable format. If you can demonstrate that the original is unavailable, the terms "document" and "documents" shall also include a copy of the original.

4.     The "incident," or "incident in question" refers to the injury received by Plaintiff on Tuesday, September 13, 2016, at QuickTrip within the city limits of Copell, County, Texas.

## REQUEST FOR PRODUCTION

Pursuant to Rule 196 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff

serves the following Requests for Production of Documents on Defendant

QuickTrip Corporation. Defendant is requested to respond fully, in writing, and in

accordance with TRCP 196. The documents requested are to be produced to

Plaintiff's counsel within fifty (50) days after service of this request. You are further

advised that you are under a duty to reasonably supplement your answer.

**NOTE: For each separately numbered request below please delineate each set of documents so that it can be easily ascertained which documents relate to which numbered request.**

**REQUEST NO. 1:** A copy of the employee manuals or documents that you used at the time of the incident in question.

**RESPONSE:**

**REQUEST NO. 2:** A copy of any and all workplace safety manuals or safety training documents that you used at the time of the incident in question.

**RESPONSE:**

**REQUEST NO. 3:** A copy of all incident reports made regarding the incident in question.

**RESPONSE:**

**REQUEST NO. 4:**   A copy of any and all training manuals or documents on cleaning of the dough-cutting machine Plaintiff was using at the time of the incident in question.

**RESPONSE:**

**REQUEST NO. 5:**   A complete copy of Plaintiff's employee file maintained by Defendant.

**RESPONSE:**

FILED
DALLAS COUNTY
5/1/2018 3:40 PM
FELICIA PITRE
DISTRICT CLERK

Case 3:18-cv-01337-X   Document 1-2   Filed 05/25/18   Page 20 of 32   PageID 26

Angela Conejo

**Cause No. DC-18-05425**

| | |
|---|---|
| VALENTINA SANCHEZ; | **IN THE DISTRICT COURT** |
| **Plaintiff,** | |
| | |
| VS. | **134th JUDICIAL DISTRICT** |
| | |
| **QUIKTRIP CORPORATION; AND** | **DALLAS COUNTY, TEXAS** |
| **QUIK 'N TASTY FOODS, INC.;** | |
| **Defendants.** | |

**RETURN OF SERVICE**

Came to hand on the _26th_ day of _April_, 2018 at _4:30_ _P_.m. and executed at _1999 Bryan_ _#900_ _Dallas_ _Texas_ _75201_,
    (Address)    (Apt#)    (City)    (State)    (Zip Code)

within the county of _Dallas_ on the _27th_ day of _April_, 2018 at _2:10_ _P_.m. by delivering to **Quiktrip Corporation, by delivering to Its Registered Agent, CT Corporation System**, accepted by _Antonette Williams_ an employee of CT Corporation System, in person, a true copy of the Citation together with a true and correct copy of the Plaintiff's Original Petition, Request for Disclosure, and First Request for Production filed in this cause, having first endorsed thereupon the date of delivery.

By: _Ralph K Burback_
    Private Process Server

PSC# _267_ Expires: _7-31-2020_

**VERIFICATION**

BEFORE ME, a Notary Public, on this day personally appeared _Randolph Burback_ known to be the person whose name is subscribed to the foregoing document and being by me first duly sworn, declared that the statements therein contained are true and correct and that he is not a party to this lawsuit and has no interest in the outcome. Given under my hand and seal of office this _27th_ day of _April_, 2018.

_____
Notary Public, State of Texas



LARA BURBACK
Notary Public, State of Texas
Comm. Expires 04-20-2021
Notary ID 131097560

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

To:

**QUIKTRIP CORPORATION**
**SERVING REGISTERED AGENT CT CORPORATION SYSTEM**
**1999 BRYAN STREET SUITE 900**
**DALLAS TX 75201**

GREETINGS:

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty  days after you were served this citation and  petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **134th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **VALENTINA SANCHEZ**

Filed in said Court **24th day of April, 2018** against

## QUIK 'N TASTY FOODS, INC. AND QUIKTRIP CORPORATION

For Suit, said suit being numbered **DC-18-05425,** the nature of which demand is as follows:
Suit on **OTHER PERSONAL INJURY** etc. as shown on said petition **REQUEST FOR DISCLOSURE AND PRODUCTION**, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 25th day of April, 2018.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By  /s/ Kari Malone , Deputy
KARI MALONE



---

**ESERVE**

**CITATION**

**DC-18-05425**

**VALENTINA SANCHEZ**
**vs.**
**QUIKTRIP CORPORATION, et al**

ISSUED THIS
**25th day of April, 2018**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: KARI MALONE, Deputy

**Attorney for Plaintiff**
J MARTIN FUTRELL
10440 N CENTRAL EXPRESSWAY
SUITE 400
DALLAS TX 75231
214-378-6665
martin.futrell@ewlawyers.com

# DALLAS COUNTY
# SERVICE FEES
# NOT PAID

**Cause No. DC-18-05425**

| | |
|---|---|
| VALENTINA SANCHEZ;<br>    **Plaintiff,** | **IN THE DISTRICT COURT** |
| **VS.** | **134th JUDICIAL DISTRICT** |
| **QUIKTRIP CORPORATION; AND<br>QUIK 'N TASTY FOODS, INC.;**<br>    **Defendants.** | **DALLAS COUNTY, TEXAS** |

## RETURN OF SERVICE

Came to hand on the __7__ day of __May__, 2018 at __4:30__ p.m. and executed at __4705 S. 129th E. Ave.__    __Tulsa__   __OK__   __74134__ ,
    (Address)      (Apt#)      (City)      (State)      (Zip Code)

within the county of __Tulsa__ on the __10__ day of __May__, 2018 at __4:05__ p.m. by delivering to **Quik 'N Tasty Foods, Inc., by delivering to Its Registered Agent, Marshall J. Wells**, in person, a true copy of the Citation together with a true and correct copy of the Plaintiff's Original Petition, Request for Disclosure, and First Request for Production filed in this cause, having first endorsed thereupon the date of delivery.

By: _____
                      Private Process Server

## VERIFICATION

BEFORE ME, a Notary Public, on this day personally appeared __Christina Ryback;__ known to be the person whose name is subscribed to the foregoing document and being by me first duly sworn, declared that the statements therein contained are true and correct and that he is not a party to this lawsuit and has no interest in the outcome. Given under my hand and seal of office this __15__ day of __May__, 2018.

_____
               Notary Public, State of Oklahoma

*[Notary seal: C. WEST, NOTARY PUBLIC, # 06005777, EXP. 06/13/18, STATE OF OKLAHOMA]*

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

To:

**QUIK 'N TASTY FOODS, INC.**
**SERVING REGISTERED AGENT MARSHALL J WELLS**
**4705 S 129TH E. AVE**
**TULSA OK  74134**

GREETINGS:
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with  the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty   days after you were served this citation and  petition, a default judgment may be taken against you.  Your answer should be addressed to the clerk of the **134th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **VALENTINA SANCHEZ**

Filed in said Court  **24th day of April, 2018** against

**QUIK 'N TASTY FOODS, INC. AND QUIKTRIP CORPORATION**

For Suit, said suit being numbered **DC-18-05425,** the nature of which demand is as follows:
Suit on **OTHER PERSONAL INJURY** etc. as shown on said petition **REQUEST FOR DISCLOSURE AND PRODUCTION,** a copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 25th day of April, 2018.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

/s/ Kari Malone
By_____, Deputy
KARI MALONE

---

**ESERVE**

**CITATION**

DC-18-05425

**VALENTINA SANCHEZ**
vs.
**QUIKTRIP CORPORATION, et al**

ISSUED THIS
**25th day of April, 2018**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By:  KARI MALONE, Deputy

**Attorney for Plaintiff**
J MARTIN FUTRELL
10440 N CENTRAL EXPRESSWAY
SUITE 400
DALLAS TX  75231
214-378-6665
martin.futrell@ewlawyers.com

**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

# EXHIBIT 3

**Exhibit 3**

FILED
DALLAS COUNTY
5/1/2018 9:21 AM
FELICIA PITRE
DISTRICT CLERK

**JUDGE DALE TILLERY PRESIDING**

**134TH JUDICIAL DISTRICT COURT**
**600 Commerce St., 6th Floor, Room 650**
**Dallas, Texas 75202-4606**
**214/653-7546 -- 134th Ct. Clerk**
**214/653-6995 -- Ct. Coordinator**
**fly@dallascourts.org**

April 27, 2018

J MARTIN FUTRELL
10440 N CENTRAL EXPRESSWAY
SUITE 400
DALLAS TX  75231

      Re:   VALENTINA SANCHEZ  vs.  QUIKTRIP CORPORATION, et al
              DC-18-05425

All Counsel of Record/Pro Se Litigants:

Pursuant to Rule 165A of the Texas Rules of Civil procedure, and the inherent power of the Court, the above case is set for dismissal on:

**June 25, 2018** at **10:00 AM**

If **NO ANSWER** has been filed you are expected to have moved for a default judgment on or prior to the above stated date.  Failure to move for a default judgment will result in the dismissal of the case on the above date.

If you have been unable to obtain service of process and you wish to retain the case on the docket, you must appear on the above date, unless you have obtained a new setting from the court coordinator.

Sincerely,

DALE TILLERY
Presiding Judge

pc:  J MARTIN FUTRELL

**ALL PARTIES MUST BE MADE AWARE OF ALL COMMUNICATIONS WITH THE COURTS.**

# EXHIBIT 4

**Exhibit 4**

FILED
DALLAS COUNTY
5/18/2018 10:07 AM
FELICIA PITRE
DISTRICT CLERK

Case 3:18-cv-01337-X   Document 1-2   Filed 05/25/18   Page 28 of 32   PageID 34

CAUSE NO. DC-18-05425

| | | |
|---|---|---|
| VALENTINA SANCHEZ, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| v. | § | 134TH JUDICIAL DISTRICT |
| | § | |
| QUIKTRIP CORPORATION, AND QUIK | § | |
| 'N TASTY FOODS, INC. | § | |
| Defendants. | § | DALLLAS COUNTY, TEXAS |

**DEFENDANTS QUIKTRIP CORPORATION AND QUIK 'N TASTY FOODS, INC.**
**ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION**

Defendants, QuikTrip Corporation and Quik 'N Tasty Foods, Inc., file this Original Answer to Plaintiff's Original Petition and, in support thereof, would respectfully show as follows:

**I.**
**GENERAL DENIAL**

Defendants deny each and every material allegation contained in Plaintiff's Original Petition, demand strict proof thereof, and to the extent that such matters are questions of fact, say Plaintiff should prove such facts by a preponderance of the evidence to a jury if she can so do.

**II.**
**DEFENSES AND LIMITATIONS ON DAMAGES AND LIABILITY**

Defendants specifically deny Plaintiff's claims that they were negligent in any manner.

**III.**

Pleading further, Defendants claim that Plaintiff failed to use that degree of care and caution as would have been used by a reasonable person under the same or similar circumstances, thereby producing or proximately causing Plaintiff's alleged damages, if any.

Such acts or omissions of Plaintiff were the sole proximate cause of Plaintiff's alleged damages, if any.

## IV.

Defendants would show that the incident complained of was an unavoidable accident, as that term is known in law.

## V.

Defendants contend that Plaintiff's alleged damages or injuries, if any, were caused by the acts and/or omissions of one or more third persons not under the control of Defendants. Such acts and/or omissions of said third persons were the sole and/or a producing and/or a proximate and/or a supervening and/or an intervening cause of Plaintiff's alleged damages or injuries, if any.

## VI.

Defendants contends that they are not liable to Plaintiff because she was doing the same character of work that she had always done, and that other employees were required to do, and the work involved was not unusual.

## VII.

Defendants asserts that they owed Plaintiff no duty to warn, train, supervise, or provide additional equipment or otherwise protect Plaintiff because the task she was performing did not require special training or tools, and the risks associated with it are open and obvious, commonly known and/or appreciated by Plaintiff.

**VIII.**

Defendants assert that they had neither actual nor constructive knowledge of the allegedly-hazardous condition about which Plaintiff complains, and that in any event, the alleged hazard was not "unreasonably dangerous."

**IX.**

Pleading further and in the alternative, Defendants claim that the premises condition asserted by Plaintiff in her *Original Petition* was known to Plaintiff, was open and obvious, and/or was not concealed from Plaintiff and, therefore, Defendants deny that it owed any duty to warn Plaintiff of the alleged premises condition or protect her from same.

**X.**

Defendants state that Plaintiff's damages complained of, if any, may have been the result of prior or pre-existing injuries, accidents, or conditions, and said prior or pre-existing injuries, accidents, or conditions may have been the sole and/or a contributing cause of the Plaintiff's damages alleged against Defendants.

**XI.**

Further, Defendants contend that Plaintiff may have breached her duty to mitigate damages by failing to exercise reasonable care and diligence to avoid loss and minimize the consequences of damages.

**XII.**

Defendants contend that any claims for medical or health care expenses is limited to the amount actually paid or incurred by or on behalf of Plaintiff, pursuant to Texas Civil Practice and Remedies Code § 41.0105.

**XIII.**

Defendants contend that, pursuant to § 18.091 of the Texas Civil Practice & Remedies Code, to the extent Plaintiff is seeking a recovery for loss of earnings, lost wages, loss of earning capacity and/or loss of contributions of pecuniary value, evidence of this alleged loss must be presented by Plaintiff in the form of a net loss after reduction for income tax payments, or unpaid tax liability to any federal income tax law.

**XIV.**

Defendants state that, in the unlikely event an adverse judgment would be rendered against them in this matter, Defendants would respectfully pray for contribution, indemnity and/or all available credits as provided for in the Texas Civil Practice and Remedies Code and under Texas law.

**XV.**

Defendants further plead that they are entitled to a credit and/or offset against any judgment that may be rendered against them for any and all amounts they paid to or on behalf of Plaintiff under any of Defendants' benefit/insurance programs.

**XVI.**

**<u>REQUEST FOR COURT REPORTER</u>**

Defendants respectfully demand a court reporter be present at all proceedings before the Court.

**XVII.**
**PRAYER**

**WHEREFORE, PREMISES CONSIDERED**, Defendants respectfully pray that Plaintiff take

nothing by this cause of action, that Defendants be permitted to recover the costs expended on

their behalf, and for such other and further relief to which Defendants may show themselves

justly entitled, both at law and in equity.


Respectfully submitted,

/s/ B. Kyle Briscoe
_____
**B. Kyle Briscoe**
State Bar No. 24069421
kbriscoe@peavlergroup.com
**Nicolas M. Lund**
State Bar No. 24084391
nlund@peavlergroup.com
**THE PEAVLER GROUP**
2215 Westgate Plaza
Grapevine, Texas 76051
(214) 999-0550 (telephone)
(214) 999-0551 (facsimile)

**ATTORNEYS FOR DEFENDANTS**


**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been
forwarded to all counsel of record pursuant to, and in accordance with, the Texas Rules of Civil
Procedure on May 18, 2018.

/s/ B. Kyle Briscoe
_____
**B. Kyle Briscoe**