UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VALENTINA SANCHEZ, | § | |
| | § | |
|   Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:18-CV-1337-B |
| | § | |
| QUIKTRIP CORPORATION; QUIK 'N TASTY FOODS, INC.; and RONDO, INC., | § | |
| | § | |
| | § | |
| | § | |
|   Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Rondo, Inc.'s (Rondo) Motion to Dismiss. Doc. 27. For the reasons stated, the Court **GRANTS in part** and **DENIES in part** Rondo's Motion to Dismiss.

**I.**

**BACKGROUND**

The dispute arose after Plaintiff Valentina Sanchez injured the ring finger of her left hand while cleaning flour out of a dough-cutting machine manufactured, sold, and otherwise distributed by Rondo. Doc. 13, Pl.'s First Am. Compl., ¶ 7. According to Plaintiff, at the time of her injury, Plaintiff was working as an employee of Defendant QuikTrip Corporation and/or Defendant Quik 'N Tasty Foods, Inc. *Id.* Plaintiff filed her First Amended Complaint on September 11, 2018. Plaintiff's causes of action against Rondo are negligence, strict liability, breach of implied warranty of merchantability, and breach of implied warranty of fitness for a particular purpose. *Id.* ¶¶ 13–37.

In its Rule 12(b)(6) Motion to Dismiss, Rondo argues that Plaintiff failed to plead sufficient

facts to support her claims for the causes of action for strict liability, breach of implied warranty of merchantability, and breach of implied warranty of fitness for a particular , and thus, these claims should be dismissed for failure to state a claim.[1] Doc. 27, Def.'s Mot. to Dismiss, ¶¶ 3–4. Plaintiff filed her Response (Doc. 28) to Rondo's Motion on February 14, 2019. Rondo failed to file a reply, and the time to do so has passed. Rondo's Motion is therefore ripe for the Court's review.

## II.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) authorizes the Court to dismiss a complaint for "failure to state a claim upon which relief can be granted." *Id.* 12(b)(6). To survive a 12(b)(6) motion, "enough facts to state a claim to relief that is plausible on its face" must be pled. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* At this stage, a court "must accept all well-pleaded facts alleged in the complaint as true and must construe the allegations in the light that is most favorable to the plaintiff." *J&J Sports Prods., Inc. v. Live Oak Cnty. Post No. 6119 Veterans of Foreign Wars*, 2009 WL 483157, at *3 (S.D. Tex. Feb. 24, 2009)

---

[1] In her Response, Plaintiff defends her negligence cause of action. Doc. 28, Pl.'s Resp., ¶¶ 3–4. Because Rondo did not address the negligence claim in its Motion to Dismiss, the Court expresses no opinion on the merits of that claim.

(quoting *Cent. Laborers' Pension Fund v. Integrated Elec. Servs.*, 497 F.3d 546, 550 (5th Cir. 2007).

The Fifth Circuit has held that dismissal is appropriate "if the complaint lacks an allegation regarding a required element necessary to obtain relief." *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995) (internal citation omitted). Essentially, "the complaint must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995).

## III.

## ANALYSIS

### A.  *Strict Liability*

First, Rondo moves to dismiss Plaintiff's strict liability claim, arguing that it fails to state a claim because she fails to identify a specific defect in the dough-cutting machine. Doc. 27, Def.'s Mot. to Dismiss, ¶¶ 6–7. Under Texas law, section 402A of the Restatement (Second) of Torts governs claims for strict liability in tort. The section defines the cause of action as:

> (1) One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property, if
>
> (a) the seller is engaged in the business of selling such a product, and
>
> (b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.

*Firestone Steel Prods. Co. v. Barajas*, 927 S.W.2d 608, 613 (Tex. 1996) (quoting Restatement (Second) of Torts § 402A (1965)).

"A product may be proven to be defective if it is unreasonably dangerous because adequate

warnings or instructions are not provided." *Joseph E. Seagram & Sons, Inc. v. McGuire*, 814 S.W.2d 385, 387 (Tex. 1991) (quoting *Lucas v. Texas Indus., Inc.*, 696 S.W.2d 372, 377 (Tex. 1984)) (alterations incorporated). Adequate warnings are necessary even on an otherwise safely designed and manufactured product. *Id.*

In its Motion to Dismiss, Rondo does not refute Plaintiff's claim that the product lacked adequate warnings. Instead, Rondo concentrates on refuting a manufacturing defect claim. Doc. 27, Def.'s Mot. to Dismiss, ¶¶ 6–7. The Court finds that Plaintiff's allegation that "there was a lack of adequate warnings and notices that the product could inadvertently impale Plaintiff's finger" is sufficient to state a strict liability claim. Doc. 13, Compl., ¶ 25. Therefore, the Court **DENIES** Rondo's Motion to Dismiss Plaintiff's strict liability claim.

B. *Breach of Implied Warranty of Merchantability*

Next, Rondo moves to dismiss Plaintiff's breach of implied warranty of merchantability claim, arguing that the complaint merely recites the elements of the claim in a conclusory fashion, and thus, fails to state a claim on which relief can be grated. Doc. 27, Def.'s Mot. to Dismiss, ¶¶ 8–9.

The Uniform Commercial Code "establishes an alternative remedy to strict liability in tort with respect to injuries suffered from a defective product." *Garcia v. Texas Instruments, Inc.*, 610 S.W.2d 456, 462 (Tex. 1980). In the implied warranty of merchantability context, "the word 'defect' means a condition of the goods that renders them unfit for the ordinary purposes for which they are used because of a lack of something necessary for adequacy." *Plas-Tex, Inc. v. U.S. Steel Corp.*, 772 S.W.2d 442, 444 (Tex. 1989). Whereas, as previously stated, in the strict products liability context, "the word 'defect' means a condition of the product that renders it unreasonably dangerous." *Id.* Thus, a defect may render a product unreasonably dangerous in the strict liability context, but may

not render a product unfit for the ordinary purposes for which it is used. *Deeds v. Whirlpool Corp.*, 2016 WL 6070552, at *5 (S.D. Tex. Oct. 17, 2016) (citing *Mott v. Red's Safe And Lock Servs., Inc.*, 249 S.W.3d 90, 98 (Tex. App.—Houston [1st Dist.] 2007, no pet.)).

In her Response, Plaintiff argues that "a dough-cutting machine that impales the finger of a person when that person cleans the machine renders it unfit for its purpose, even if the machine in fact cuts dough." Doc. 28, Pl.'s Resp., 6. However, this assertion is not founded on Texas law and more importantly does not show that a defect or condition rendered the dough-cutting machine unfit for its ordinary purpose because it lacked something necessary for adequacy. This is because, as discussed above, a product can be both unreasonable dangerous for strict liability purposes yet still fit for its intended purpose.

Moreover, in support of her breach of implied warranty of merchantability claim, Plaintiff cites to *Reed v. C.R. Bard, Inc.*, for the proposition that "a federal court denied a Rule 12(b)(6) motion to dismiss in a manufacturing defect case where the plaintiff pleaded causes of action for strict liability, negligence, and breach of warranties with much less detail than Plaintiff does in this case." *Id.* (citing *Reed v. C.R. Bard, Inc.*, 2015 WL 11110600, at *5 (E.D. Tex. Mar. 30, 2015)). However, a careful reading of that case shows that the court in fact held "that [the plaintiff] has not stated a claim upon which relief can be granted for breach of implied and express warranty because he failed to plead an essential condition precedent—pre-suit notice."[2] *Reed*, 2015 WL 11110600, at *5. In the present case, Plaintiff has also failed to plead that she provided Rondo with pre-suit notice.

---

[2] Texas law requires that a plaintiff notify a seller of an alleged breach of implied warranty "or be barred from any remedy." Tex. Bus. & Comm. Code § 2.607(c)(1); *see also U.S. Tire-Tech, Inc. v. Boeran, B.V.*, 110 S.W.3d 194, 201 (Tex. App.—Houston [1st Dist.] 2003, pet. denied) (holding that notification is required before filing suit).

Thus, even if Texas law allowed a breach of implied warranty claim based on the fact a product is dangerous, the breach of implied warranty of merchantability claim would still be dismissed based on a failure to provide Rondo with pre-suit notice. Therefore, the Court **GRANTS** Rondo's Motion to Dismiss Plaintiff's breach of implied warranty of merchantability claim.

C.   *Breach of Implied Warranty of Fitness for a Particular Purpose*

And lastly, Rondo moves to dismiss Plaintiff's breach of implied warranty of fitness for a particular purpose claim, arguing that this claim does not apply in this case because there are no allegations that the dough-cutting machine was to be used for some purpose other than the product's ordinary purpose. Doc. 27, Def.'s Mot. to Dismiss, ¶¶ 10–11.

In her Response, Plaintiff acknowledged that the dough-cutting machine was to be used for its ordinary purpose (dough cutting) and was not being sold for a non-ordinary purpose. Doc. 28, Pl.'s Resp., 7. Thus, Plaintiff withdrew her claim of breach of implied warranty of fitness for a particular purpose. *Id.* Therefore, the Court **GRANTS** Rondo's Motion to Dismiss Plaintiff's breach of implied warranty of fitness for a particular purpose claim.

IV.

CONCLUSION

For the above-stated reasons, the Court **DENIES in part** and **GRANTS in part** Rondo's Motion to Dismiss (Doc. 27) under Federal Rule of Civil Procedure 12(b)(6). Specifically, Plaintiff's breach of implied warranty of merchantability and breach of implied warranty of fitness for a particular purpose claims are **DISMISSED with prejudice** because plaintiff failed to properly plead the required pre-suit notice. However, Plaintiff's product liability claims based in negligence and strict liability remain against Rondo.

SO ORDERED.

DATED: March 27, 2019.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE